IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No. 7:24cr550 |
| | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| vs. | ) | 18 U.S.C. § 982(a)(2)(A) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| TAMMY RENEE TAYLOR | ) | |
| a/k/a TAMMY RENEE GIBSON | ) | INDICTMENT |

1. That beginning in or about November 2021, and continuing until in or about December 2023, in the District of South Carolina, the Defendant, TAMMY RENEE TAYLOR, a/k/a TAMMY RENEE GIBSON, did knowingly devise a scheme and artifice to defraud and to obtain monies by means of false and fraudulent pretenses, representations, and promises, and during such period, in the course of executing said scheme and artifice, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain electronic signals, such scheme and artifice and such wire communications being more fully set forth below.

THE SCHEME AND ARTIFICE

2. It was a part of the scheme and artifice to defraud that TAMMY RENEE TAYLOR, a/k/a TAMMY RENEE GIBSON, worked for My House Daycare as the director of the facility.

3. It was a part of the scheme and artifice to defraud that TAMMY RENEE TAYLOR, a/k/a TAMMY RENEE GIBSON, would use the company credit card and/or the My House Daycare business account to pay for personal expenses such as hotels, meals, shopping, and entertainment.

4. It was further part of the scheme and artifice that TAMMY RENEE TAYLOR, a/k/a TAMMY RENEE GIBSON, would pay herself multiple bonuses and miscellaneous

compensation without authorization.

5.   It was further part of the conspiracy that TAMMY RENEE TAYLOR, a/k/a TAMMY RENEE GIBSON, stole over $200,000 from My House Daycare.

## COUNTS 1-3

THE GRAND JURY CHARGES:

6.   The allegations of paragraphs 1 through 5 of this indictment are alleged herein as setting forth a scheme and artifice to defraud.

7.   On each of the dates reflected below, in the District of South Carolina and elsewhere, the Defendant, TAMMY RENEE TAYLOR, a/k/a TAMMY RENEE GIBSON, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as described above, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals, writings, and sounds, that is automobile invoices and related documents as further set forth below:

| Count | Date | Description |
|---|---|---|
| 1 | 5/16/2022 | A $437.34 payment from My House Daycare's Synovus Bank account for Defendant's car payment. |
| 2 | 2/7/2023 | A $391.63 payment from My House Daycare's Synovus Bank account for Defendant's cell phone. |
| 3 | 3/29/2023 | A $600.00 payment from My House Daycare's Synovus Bank account for Defendant's car payment. |

All in violation of Title 18, United States Code, Section 1343.

# **FORFEITURE**

WIRE FRAUD:

Upon conviction to violate Title 18, United States Code, Section 1343 as charged in this Indictment, the Defendant, TAMMY RENEE TAYLOR, a/k/a TAMMY RENEE GIBSON, shall forfeit to the United States, any property, real or personal, which constitutes, is traceable to, or is derived from proceeds traceable to such offenses.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offenses charged in this Indictment includes, but is not limited to, the following:

>  Forfeiture Judgment/Proceeds:
>
>  A sum of money equal to all proceeds the Defendant obtained directly or indirectly as the result of the offenses charged in this Indictment, that is, a minimum of $231,436.23 and all interest and proceeds traceable thereto, and/or such sum that equals all property traceable to her violation of 18 U.S.C. § 1343.

SUBSTITUTE ASSETS:

If any of the property described above, as a result of any act or omission of a Defendant:
>  a. cannot be located upon the exercise of due diligence;
>  b. has been transferred or sold to, or deposited with, a third party;
>  c. has been placed beyond the jurisdiction of the court;
>  d. has been substantially diminished in value; or
>  e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

3

of the Defendant up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

A ___True___ Bill

**FOREPERSON**

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____
William J. Watkins, Jr. (Fed. ID # 07863)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Tel.: 864-282-2100
Fax: 864-233-3158
Email: bill.watkins@usdoj.gov