IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 7:24-cr-00550-JDA |
| | ) |
| v. | ) |
| | ) |
| TAMMY RENEE TAYLOR | ) |
| a/k/a TAMMY RENEE GIBSON | ) |

### PRELIMINARY ORDER OF FORFEITURE AS TO TAMMY RENEE TAYLOR

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Tammy Renee Taylor ("Taylor", "Defendant"), based upon the following:

1. On July 9, 2024, an Indictment was filed charging Taylor with three counts of wire fraud, in violation of 18 U.S.C. § 1343.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Taylor's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

Forfeiture Judgment/Proceeds[1]:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly as the result of the offenses charged in this Indictment, that is, a minimum of approximately $231,436.23 and all interest and proceeds traceable to her violation of 18 U.S.C. § 1343.

---

[1] The government is pursuing a $214,703.19 forfeiture judgment, which reflects the loss amount attributed to the Defendant.

3. On November 6, 2024, Taylor pled guilty to one count of wire fraud.

4. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A), and 28 U.S.C. § 2461(c).

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all rights, title, and interest of the Defendant, Tammy Renee Taylor, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law.

2. FORFEITURE IS ORDERED against Tammy Renee Taylor and in favor of the United States for $214,703.19, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property to satisfy the forfeiture judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed forfeiture judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the personal forfeiture judgment against Defendant; however, the Order shall be recorded in the

records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this Order becomes final as to Defendant and shall be made a part of the sentence and included in the criminal judgment.

7. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                    s/Jacquelyn D. Austin
                    JACQUELYN D. AUSTIN
                    UNITED STATES DISTRICT JUDGE

February 10, 2025
Greenville, South Carolina